```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 16-CV-22914-MOORE
                            (97-CR-00946-MOORE)
                    MAGISTRATE JUDGE P. A. WHITE
```

ALBERT WILLIAMS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**REPORT OF MAGISTRATE JUDGE
RECOMMENDING MOTION TO VACATE BE GRANTED
IN LIGHT OF JOHNSON V. UNITED STATES**

I. Introduction

The movant, who is currently confined at the Coleman I Federal Correctional Institution in Coleman, Florida, filed a *pro se* application in the Eleventh Circuit Court of Appeals asking leave to file a second or successive motion to vacate pursuant to 28 U.S.C. § 2255. He is seeking relief in light of the Supreme Court's ruling in Johnson v. United States, 135 S.Ct. 2551 (2015). (Cv-DE# 1). The Eleventh Circuit granted the movant leave to file this second or successive motion to vacate raising his Johnson claim. Id. The undersigned appointed counsel to represent the movant and ordered the parties to brief whether Johnson applies to the movant's case and, if so, whether it affords him relief. (Cv-DE# 5).

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B),(C);

S.D. Fla. Local Rule 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2003-19; and Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts.

Before the Court for review are the amended motion to vacate and memorandum of law filed by appointed counsel (Cv-DE# 12), the Government's response (Cv-DE# 13), counsel's reply (Cv-DE# 14), the Presentence Investigation Report ("PSI"), and all pertinent portions of the underlying criminal file.

## II. Claims

The movant raises the following claim in his Section 2255 motion:

1. Burglary of a dwelling no longer qualifies as a crime of violence after <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015).

(Cv-DE# 12). The movant claims that if his two prior Florida burglary convictions are not violent felonies then he no longer qualifies as an armed career criminal and his sentence exceeds the statutory maximum.

## III. Procedural History

The relevant procedural history of the underlying criminal case is as follows. The movant was indicted for possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1)). A jury found him guilty as charged.

The PSI established a base offense level of 24 to which 2 levels were added because the serial number on the gun had been obliterated. (PSI ¶¶ 6-7). The adjusted offense level was therefore 26. (PSI ¶ 11). The movant was determined to be an armed career criminal under 18 U.S.C. § 924(e) pursuant to United States

Guidelines Section 4B1.4(b)(3)(B), and therefore, the offense level was 33. (PSI ¶ 12). The PSI identified three convictions as qualifying convictions for crimes of violence. Those convictions were for robbery and aggravated assault in case number 86-2397, burglary of a dwelling in case number 89-11540 and burglary of a dwelling in case number 90-43112. (PSI ¶¶ 12, 18, 21 and 23).

The movant had a subtotal of twenty criminal history points, resulting in a criminal history category VI. (PSI ¶¶ 15-27). As an armed career criminal the movant's criminal history category was also VI. (PSI ¶ 37).

The resulting guideline range was 235 to 293 months imprisonment (PSI ¶ 53) to be followed by supervised release for at least three but less than five years (PSI ¶ 55). Statutorily, as an armed career criminal, the movant faced mandatory minimum sentence of 15 years up to life. (PSI ¶52).

The Court sentenced the movant to a total of 293 months' imprisonment. The movant's conviction was affirmed on June 4, 1999. (CR-DE# 52).

On July 7, 2000 the movant filed his first motion to vacate his conviction and sentence. (CR-DE# 53). The motion was docketed in case number 00-2452-CV-Moore. In that motion the movant argued, *inter alia*, that counsel was ineffective for failing to object to the use of his prior Florida burglary convictions as a basis for an Armed Career Criminal sentencing enhancement where Florida's definition of burglary is broader and more encompassing that the federal definition of burglary. (CR-DE# 53, p. 5). On January 3, 2003, a Report was entered recommending the motion be denied. (00-02452, DE# 30). The claim regarding counsel's failure to object to

3

the sentencing enhancement was denied because the court found that the movant's two burglary convictions properly served as a basis for the ACCA enhancement under the Supreme Court's decision in Taylor v. United States, 495 U.S. 575 (1990). (00-02452, DE# 30, p. 19-21). The court found that both of the movant's convictions were for generic burglaries based on a review of the PSI, the charging document and the arrest affidavits. The report was adopted and the petitioner appealed. (00-2452, DE# 41, 42).

On January 27, 2004, the Eleventh Circuit denied a certificate of appealability finding that the movant had failed to establish the denial of a constitutional right. (00-2452, DE# 47). On March 23, 2004 the Eleventh Circuit denied the movant's motion for reconsideration. In that order the court found that although the use of his 1989 burglary conviction may have been erroneous under Taylor, the point was immaterial. The court found that a review of the record showed that the movant's 1990 burglary conviction was properly included because "the PSI showed that this was a burglary of a residence as required under Taylor." The court found that the movant's convictions for aggravated assault and cocaine possession also qualified as predicate offenses for purposes of the ACCA. Thus, according to the court, the movant had the requisite three prior convictions for a "serious drug offense" or "violent felony" and was not prejudiced by counsel's failure to challenge his prior burglary convictions as predicate felonies. The movant, acting pro se, filed a petition for certiorari in the United States Supreme Court. The Supreme Court denied both the petition for certiorari, Williams v. United States, 543 U.S. 864 (2004), and the subsequent petition for rehearing. Williams v. United States, 543 U.S. 1083 (2005).

On April 21, 2005, the movant filed a motion to vacate the

judgment in case number 00-2452 pursuant to Fed.R.Civ.P. 60(b). 00-2452, DE# 48). He argued that an intervening change in law required vacating the denial of his section 2255 motion. He contended that under the Supreme Court's decision in Shepard v. United States, 544 U.S. 13, (2005) the court had erred in considering the PSI and arrest affidavit in determining that his burglary conviction was for "generic burglary." The motion was denied for lack of jurisdiction. (00-2452, DE# 49). The movant's motion for reconsideration and to hold the Rule 60(b) motion in abeyance was denied. (00-2452, DE# 50, 57). The movant was denied a certificate of appealability by the District Court. (00-2452, DE# 61). The Eleventh Circuit also denied a certificate of appealability and dismissed his appeal. (00-2452, DE# 64).

The movant next filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of North Carolina. See E.D.N.C. Case No. 07-hc-2143. In that petition he continued to press his Taylor/Shepard claims. The petition was dismissed upon the government's motion by court order dated February 19, 2008. The movant appealed to the Fourth Circuit Court of Appeals, which affirmed in an unpublished opinion. See Fourth Circuit Case No. 08-6357. Williams apparently did not seek Supreme Court review of this decision

On June 13, 2006, the movant filed a second Rule 60(b) motion raising a similar argument and contending that the court had improperly applied the categorical method to determining whether his prior burglary convictions were generic and relied upon unauthorized documents in making its determination. (00-2452, DE# 65). This motion was denied. (00-2452, DE# 66). The appeal was dismissed when the Eleventh Circuit denied a certificate of

appealability. (00-2452, DE# 78).

On September 23, 2010, the movant filed a second section 2255 motion in case number 00-2452. (00-2452, DE# 81). He argued that under <u>Begay</u>, his prior conviction for aggravated assault did not qualify as predicate felonies under the ACCA's "residual clause." The motion was dismissed as an attempt to bring a second or successive section 2255 motion. (00-2452, DE# 83).

On November 24, 2010, the movant filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the Southern District of Georgia case number 10-00180-CV-LGW-JEG. He argued that the appellate court had mischaracterized his cocaine possession conviction as a serious drug offense and that his aggravated assault conviction was not a qualifying offense under the ACCA. The motion was denied because the savings clause of section 2241 was not applicable where the movant was challenging a sentence that did not exceed the statutory maximum. (10-00180, DE# 20, 21). The petitioner appealed. The Eleventh Circuit affirmed the dismissal of the petition. <u>Williams v. Warden, Federal Bureau of Prisons</u>, 713 F.3d 1332 (11th Cir. 2013). His petition for writ of certiorari was denied by the Supreme Court. <u>Williams v. Hastings</u>, - U.S. -, 135 S.Ct. 52 (2014).

On December 18, 2015, the movant filed a third motion to vactate pursuant to section 2255 in case number 16-20051-CV-Moore. (16-20051, DE# 1). In this motion he sought relief in light of the Supreme Court decision in <u>Johnson</u>. This motion was dismissed for a lack of jurisdiction as successive. (16-20051, DE# 4, 9).

The petitioner then sought leave to file his successive motion in reliance on <u>Johnson</u> in the Eleventh Circuit. The application was

6

granted, resulting in the instant case. (CV-DE# 1). In its order granting leave to file a successive motion, the court recognized that the movant was contending "that his burglary convictions were for non-generic burglary and that they were erroneously used to enhance his sentence under the ACCA's residual clause" under Johnson and Welch v. United States, 578 U.S. -, 136 S.Ct. 1257 (2016). The court found that the movant had made a *prima facie* showing that he is entitled to relief because he was "sentenced under the ACCA, but it is unclear what specific enhancement clauses the district court relied upon in enhancing his sentence, especially in regard to his burglary convictions." The court cited In re: Adams, 825 F.3d 1283 (11th Cir. 2016), where the court had concluded that at the time of the defendant's sentencing the only binding legal precedent for applying an ACCA enhancement based on a conviction for Florida burglary was the residual clause, and that the burglary conviction likely did not serve as a predicate offense under the enumerated clause after Descamps v. United States, 570 U.S. -, 133 S.Ct. 2276 (2013).

### IV. Statute of Limitations

The instant motion was filed within one year of the Supreme Court's Johnson decision and is timely.

### V. Standard of Review

Section 2255 authorizes a prisoner to move a sentencing court to vacate, set aside, or correct a sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); see Hill v. United States, 368 U.S. 424, 426-27 (1962). A sentence is "otherwise subject to collateral attack"

if there is an error constituting a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979); Hill, 368 U.S. at 428.

### VI. Discussion

The movant argues that burglary of a dwelling no longer qualifies as a crime of violence after Johnson v. United States, 135 S.Ct. 2551 (2015). Therefore, the movant only has one qualifying prior conviction rather than three as required by the Armed Career Criminal Act, and he may be eligible for immediate release.

The Eleventh Circuit found that the movant made a *prima facie* showing under Section 2255(h) to warrant granting his successiveness application but this does not conclusively resolve the issue and this Court must conduct a *de novo* review. The Court must therefore determine whether the movant has shown that his claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2)(A). If not, the claim must be dismissed. 28 U.S.C. § 2244(b)(4).

The standard for conducting this review has not been settled by the Eleventh Circuit. In In re Moore, one panel suggested that a movant can only satisfy his burden under Section 2255(h) by "prov[ing] that he was sentenced using the residual clause and that the use of that clause made a difference in the sentence" and that "if the court cannot tell one way or another the district court must deny the § 2255 motion." 830 F.3d 1268, 1273 (11th Cir. 2016). However, a different panel in In re Chance described this approach as "quite wrong" and suggested that a movant need only show that "§

924(c) may no longer authorize his sentence as that statute stands after <u>Johnson</u> – not proof of what the judge said or thought at a decades-old sentencing." 831 F.3d 1335, 1341 (11th Cir. 2016).

Which law governs the <u>Johnson</u> analysis is also unsettled. <u>see In re Adams</u>, 825 F.3d 1283, 1286 (11th Cir. 2016) (distinguishing a <u>Descamps</u> "standalone claim" from a true <u>Johnson</u> claim that requires the Court to "look to the text of the relevant statutes, including the ACCA, to determine which, if any ACCA clauses [the movant's] prior convictions fall under" and "[i]n fulfilling this duty, we should look to guiding precedent, such as <u>Descamps</u>, to ensure we apply the correct meaning of the ACCA's words."). The <u>Chance</u> panel noted that, "[i]n applying the categorical approach, it would make no sense for a district court to have to ignore precedent such as <u>Descamps v. United States</u>, __ U.S. __, 133 S.Ct. 2276(2013), and <u>Mathis v. United States</u>, __ U.S. __, 136 S.Ct. 2243(2016), which are the Supreme Court's binding interpretations of that approach." 831 F.3d at 1340. By contrast, other Eleventh Circuit panels have opined that it is improper to consider <u>Descamps</u> because it is not retroactive for purposes of a second or successive Section 2255 motion and, therefore, <u>Johnson</u> cannot be used as a "portal" to raise a <u>Descamps</u> claim, whether "independent or otherwise." <u>In re Hires</u>, 825 F.3d 1297, 1303 (11th Cir. 2016) (denying a successiveness application because the movant's prior convictions qualified under ACCA's elements clause; noting that "<u>Descamps</u> does not qualify as a new rule of constitutional law for § 2255(h)(2) purposes, and, thus, <u>Descamps</u> cannot serve as a basis, independent or otherwise, for authorizing a second or successive § 2255 motion....").

The <u>Chance</u> panel further noted that both <u>Chance</u> and <u>Moore</u> are only *dicta* and that District Court's review is *de novo*. 831 F.3d at

1341; see Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351 (11th Cir. 2007) (the district court is to decide the § 2244(b)(1) & (2) issues fresh, or in the legal vernacular, *de novo*).

Florida's District Courts are divided regarding which approach to follow in conducting their *de novo* review of Johnson cases, both with regards to the movant's burden of proof and the controlling law for analyzing a Johnson claim. See, e.g., Leonard v. United States, 2016 WL 4576040 at *4 (S.D. Fla. Aug. 22, 2016) (Altonaga, D.J.) (following the approach outlined in Chance to conclude that a movant "can sustain his section 2255 Motion if: (1) it is unclear from the record which clause the sentencing court relief on in applying the ACCA enhancement; and (2) in light of Johnson, [his] prior convictions no longer qualify him for the ACCA sentencing enhancement" based on the present state of the law including Descamps and Mathis); Leone v. United States, 203 F.Supp.3d 1167, 1178 (S.D. Fla. 2016) (Lenard, D.J.) (following the approach outlined in Moore to conclude that a movant whose "Johnson claim is inextricably intertwined with Descamps and Mathis" failed to satisfy Section 2255(H) because, "[o]ther than the new rule made retroactive by the Supreme Court (i.e., Johnson), the Court must apply the law as it existed at the time of sentencing to determine whether the movant's sentence was enhanced under the ACCA's residual clause").

The undersigned recommends following the approach suggested by the Chance panel on both the movant's burden of proof and the law that is applicable to the Johnson analysis.

With regards to the burden of proof, it would be unfair to require Section 2255 movants to affirmatively prove that the sentencing court relied on ACCA's residual clause because

10

"[n]othing in the law requires a judge to specify which clause of § 924(c) – residual or elements clause – it relied upon in imposing a sentence." Chance, 831 F.3d at 1340. Further, even if a sentencing judge mentions the residual or elements clause, "it would not prove that the sentencing judge 'sentenced [the defendant] using the residual clause.'" Id.

With regards to the law governing a Johnson claim, the current state of the law, including cases such as Descamps and Mathis, should be applied to determine whether relief is warranted. It is undisputed that cases like Descamps are not retroactively applicable on collateral review because they are not substantive or watershed rules of procedure. See King v. United States, 610 Fed. Appx. 825 (11th Cir. 2015). Rather, Descamps "merely applied prior precedent to reaffirm that courts may not use the modified categorical approach to determine whether convictions under indivisible statutes are predicate ACCA violent felonies." Id. at 828. Settled rules, that is, rules dictated by precedent existing when a defendant's conviction became final, apply retroactively on collateral review. See Chaidez v. United States, __ U.S. __, 133 S.Ct. 1103, 1107 (2013) (unless a Teague exception applies, "[o]nly when [the Supreme Court] appl[ies] a settled rule may a person avail herself of the decision on collateral review."). This is so because it is the Supreme Court's duty to "say what a statute means, and once the Court has spoken, it is the duty of other courts to respect that understanding of the governing rule of law. A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." Rivers v. Road Express, Inc., 511 U.S. 298, 312-13 (1994). When the Supreme Court construes a statute, "it is explaining its understanding of what the statute has meant continuously since the date when it became law." Id. at

313 n. 12. Descamps applied settled rules of law and "the Court may therefore consider [movant's] defensive arguments about why his ... convictions never properly qualified as ACCA predicates under the enumerated or elements clauses." Fugitt v. United States, 2016 WL 5373121 at *3 (W.D. Wash. Sept. 26, 2016).

Several district courts have applied the current state of the law, rather than the law at the time of sentencing, to determine whether Johnson claims are meritorious. See, e.g., United States v. Harris, 205 F.Supp.3d 651 (M.D. Pa. 2016) (in an initial Section 2255 motion, concluding that the movant can rely on current law to establish that his prior convictions do not qualify him for enhanced sentencing under the elements or enumerated offense clauses); Smith v. United States, 2015 WL 11117627 at *6 (E.D. Tenn. Nov. 24, 2016) (in an initial Section 2255 motion, applying Sixth Circuit case law from 2011, even though Defendant was sentenced in 2006, when assessing whether prior conviction fits within force clause). This approach has also been applied to successive Section 2255 motions. See United States v. Ladwig, __ F.Supp.3d 1153, 1160-1161 (E.D. Wash. 2016) (explaining why, when faced with Government's argument that other ACCA clauses supported enhancement, courts should apply current precedent to those clauses, even to successive petitions that raise Johnson challenges); see also United States v. Christian, 668 Fed. Appx. 820 (9th Cir. 2016) (reversing denial of successive Section 2255 motion because, applying Descamps, the movant did not have a sufficient number of violent felonies to sustain an ACCA sentencing enhancement).

Therefore, in the instant case, the movant should prevail on his Section 2255 motion if he shows that: (1) the sentencing court *may* have relied on ACCA's residual clause; and (2) in light of

12

Johnson, his prior convictions no longer qualify him for the ACCA sentencing enhancement under an analysis based on the present state of the law including Descamps and Mathis. See Leonard, 2016 WL 4576040; see also Mack v. United States, 16-CV-23021-MARRA, DE# 17 (adopting the reasoning set forth in Chance, granting the Section 2255 motion, and granting immediate release).

The first inquiry before the Court, therefore, is whether the movant has shown that the sentencing court *may* have relied on ACCA's residual clause in sentencing him. The movant has satisfied his burden because it is unclear from the record which of ACCA's clauses the Court relied on in sentencing the movant. The Court did not state at sentencing upon which clause it relied in applying the ACCA enhancement and this designation could well have been based on two Florida burglary convictions under the residual clause which were considered qualifying priors at the time. The Government has not shown that the ACCA error is harmless, but rather, merely argues that the movant failed to satisfy the test set forth in Moore by affirmatively proving that the Court actually relied on ACCA's residual clause – a test that the undersigned and several courts around the country have found to be unfair. The movant has therefore carried his burden of proving that he may have been sentenced under ACCA's residual clause.

The second inquiry is whether, in light of Johnson, the movant's prior convictions no longer qualify him for the ACCA sentencing enhancement under an analysis based on the present state of the law.

The Armed Career Criminal Act ("ACCA") provides for enhanced sentencing for individuals who violated Section 922(g) and have "three previous convictions for a violent felony, serious drug

13

offense, or both, committed on occasions different from one another...." 18 U.S.C. § 924(e)(1). ACCA defines "violent felonies" as any crime punishable by imprisonment for a term exceeding one year that:

> (I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**....

18 U.S.C. § 924(e)(1)(B) (emphasis added).

Subsection (e)(1)(B)(I) is known as the "elements clause," the first portion of subsection (e)(1)(B)(ii) is known as the "enumerated crimes clause," and the last portion of Section (B)(ii), in bold type above, is known as the "residual clause." On June 26, 2015, the United States Supreme Court held in Johnson that ACCA's residual clause is unconstitutionally vague. 135 S.Ct. at 2563. In other words, Johnson "narrowed the class of people who are eligible for" an increased sentence under ACCA. In re Rivero, 797 F.3d 986 (11th Cir. 2015)(citing Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1278 (11th Cir. 2013)). The Supreme Court expressly did not invalidate ACCA's elements clause or enumerated crimes clause. Johnson, 135 S.Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). On April 18, 2016, the Supreme Court announced that Johnson is retroactively applicable to cases on collateral review. Welch v. United States, 136 S.Ct. 1257 (2016).

The movant's PSI includes prior convictions for: Florida

burglary of a dwelling (PSI ¶ 23); Florida burglary of a dwelling (PSI ¶ 21); and aggravated assault and robbery (PSI ¶ 18).

With regards to the movant's two prior Florida burglaries, the Respondent does not assert that they remain qualifying prior convictions after <u>Johnson</u> and does not substantively analyze the issue.

When the movant's burglaries occurred in 1989 and 1990, the Florida Statutes defined "burglary" as entering or remaining in a **"structure <u>or</u> conveyance"** with the intent to commit an offense therein. § 810.02(1), Fla. Stat. (1976), (1983). Florida law defines **"structure,"** as a "building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereof." § 810.011(1), Fla. Stat. (1976), (1982). By contrast, the definition of **"conveyance"** does not include a building at all, but rather means "any motor vehicle, ship, vessel, railroad car, trailer, aircraft, or sleeping car..." § 810.011(3), Fla. Stat. (1976), (1982).

Florida's burglary statute does not satisfy the ACCA's elements clause because it fails to "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." After <u>Johnson</u>, Florida's burglary statute also no longer qualifies as a violent felony under the now void for vagueness clause of the ACCA. Therefore, for the movant's Florida burglary convictions to support an ACCA enhancement, they must qualify as predicate offenses under one of the ACCA's enumerated offenses.

Burglary is listed as an enumerated offense in the ACCA. <u>See</u>

15

18 U.S.C. § 924(e)(2)(B)(ii) (listing "burglary, arson, [and] extortion" as violent felonies). Thus, courts often must analyze the statute of conviction to determine whether the prior conviction was for generic burglary or something broader. The Supreme Court has developed two methods for determining whether a prior conviction meets the generic definition of burglary: the categorical approach and the modified categorical approach. See Mathis, 136 S.Ct. at 2243; United States v. Howard, 742 F.3d 1334, 1342 (11th Cir. 2014).

Under the categorical approach, Florida's burglary statute is not generic for various reasons. It includes "conveyances," as well as "structures," and the Supreme Court's definition of generic burglary includes only "buildings" and "structures," not "conveyances." See Taylor v. United States, 495 U.S. 575, 599 (1990). Also, the Florida burglary statute's definition of "structure" to include curtilage is broader than generic burglary. James v. United States, 550 U.S. 192, 212 (2007) ("We agree that the inclusion of curtilage takes Florida's underlying offense of burglary outside the definition of 'generic burglary' set forth in Taylor, which requires an unlawful entry into, or remaining in, 'a building or other structure.'"), *overruled on other grounds by* Johnson, 135 S.Ct. at 2551. Florida's burglary statute covers a broader range of conduct than the ACCA's generic burglary, and therefore, this "undisputed disparity resolves this case" because "a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense." Mathis, 136 S.Ct. at 2251 (quoting Taylor, 495 U.S. at 602). This is "an elements-only inquiry" and there is no need to utilize the modified categorical approach to determine if the Florida burglary conviction qualifies as generic burglary under the ACCA. Id. at 2246 (where the statute is indivisible, review of Shepard approved

16

documents is not authorized, and the "inquiry is over"); see also Descamps, 133 S.Ct. at 2292 (explaining that a defendant "is never convicted of the generic crime" where an "overbroad" indivisible statute is involved.). Therefore, in light of Mathis, Descamps and the pre-Johnson Supreme Court decisions, it is evident that Florida's burglary statute is not a violent felony under the ACCA's enumerated crimes clause.

Therefore, the movant's prior Florida burglary convictions do not qualify as predicate offenses for purposes of the ACCA enhancement because Florida's burglary statute is overly broad and indivisible. See, e.g., Nichols v. United States, 2016 WL 5921780 (E.D. Tenn. Oct. 11, 2016) (concluding that the Florida burglary statute is indivisible and encompasses more conduct than generic burglary, and is capable of commission without the use of violent physical force, so convictions under that statute cannot support an ACCA enhancement); Anthony v. United States, No. 16-CV-21426-ALTONAGA (S.D. Fla. June 10, 2016) (granting the motion to vacate, eliminating armed career criminal classification, and entering amended judgment releasing movant from incarceration in related criminal case); Harrell v. United States, Case No. 14-CV-61396-ZLOCH (S.D. Fla. Mar. 1, 2016); Bush v. United States, No. 15-CV-81271-DIMITROULEAS (S.D. Fla. Nov. 5, 2015) (granting motion to vacate and ordering release); Wheeler v. United States, 14-CV-80782-MIDDLEBROOKS (S.D. Fla. Aug. 11, 2015) (granting Section 2255 motion based on Johnson, finding it "undisputed that [movant's] prior three burglary convictions did not fall under the 'use of force' or the 'enumerated offense' clauses."); United States v. Dixon, No. 13-CR-20370-ALTONAGA (S.D. Fla. July 3, 2014)(finding post-Descamps that Florida's definition of burglary is overbroad and indivisible).

In conclusion, neither of the movant's Florida burglary convictions qualifies as a predicate offense for purposes of the ACCA enhancement after Johnson. This leaves him with only one qualifying prior convictions and his Section 2255 motion to vacate should be granted. As the only charge at conviction was possession of a firearm by a convicted felon, which carries maximum sentence of ten years absent the ACCA enhancement, it appears the movant would be entitled to immediate release.

### VII. Evidentiary Hearing

The movant's claim is meritorious and requires no factual development. Accordingly, no evidentiary hearing is warranted. See generally Peoples v. Campbell, 377 F.3d 1208 (11th Cir. 2004) (hearing is not required for frivolous claims, conclusory allegations unsupported by specifics, or contentions wholly unsupported by the record).

### VIII. Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2255, Rule 11(a). A timely notice of appeal must be filed even if the court issues a certificate of appealability. 28 U.S.C. § 2255, Rule 11(b).

The undersigned has recommended that the motion to vacate be granted and finds no basis for granting a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529

U.S. 473, 483-84 (2000) (habeas petitioner must demonstrate reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further). Therefore, it is recommended that the Court deny a certificate of appealability in its final order. If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the District Judge in objections to this report.

## IX. Conclusion

Based on the foregoing, it is recommended that the motion to vacate be GRANTED, that the sentence be vacated and the movant be resentenced after a new PSI is prepared, that a certificate of appealability not be issued, and this case be closed.

Objections to this report, including any objection with regards to the recommendation regarding the certificate of appealability, may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 21st day of August, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Christine O'Connor
    Federal Public Defender's Office
    150 W Flagler Street
    Miami, FL 33130-1556

    Jonathan Douglas Stratton
    United States Attorney's Office
    Southern District of Florida
    99 NE 4th Street, 6th Floor
    Miami, FL 33132