# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-cv-22914-KMM

Albert Williams,

    Petitioner,

v.

United States of America,

    Respondent.

_____/

## ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Petitioner Albert Williams's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. Section 2255 ("Motion") (ECF No. 12). THIS MATTER was referred to the Honorable Patrick A. White, United States Magistrate Judge, who issued a Report (ECF No. 15), recommending that (1) Petitioner's motion be granted and (2) no certificate of appealability be issued. No objections have been filed and the time to do so has passed. For the reasons that follow, the Court DECLINES TO ADOPT Magistrate Judge White's Report and Recommendation.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1). Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). However, "the district court will review those portions of the R & R that are not objected [to] under a clearly erroneous

standard." *Liberty Am. Ins. Group, Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Petitioner was convicted for possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On June 22, 1998, Petitioner was sentenced as an armed career criminal under 18 U.S.C. § 924(e), based on three prior crimes of violence: a 1986 conviction for robbery and aggravated assault, a 1989 conviction for burglary of a dwelling, and a 1990 conviction for burglary of a dwelling. *See* Sentencing Minutes (CR DE 34)[1]; Judgment (CR DE 35); Sentencing Transcript (CR DE 46).

The Armed Career Criminal Act ("ACCA") provides for enhanced sentencing for individuals who violated Section 922(g) and have "three previous convictions for a violent felony, serious drug offense, or both, committed on occasions different from one another . . . ." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felonies" as any crime punishable by imprisonment for a term exceeding one year that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another** . . . ." 18 U.S.C. § 924(e)(1)(B) (emphasis added). Subsection (e)(1)(B)(i) is known as the "elements clause," the first portion of subsection (e)(1)(B)(ii) is known as the "enumerated crimes clause," and the last portion of Section (B)(ii), in bold type above, is known as the "residual clause."

In the Motion, Petitioner argues that his prior convictions for burglary of a dwelling do not support the Armed Career Criminal Act ("ACCA") enhancement under 18 U.S.C. § 924(e), because *Johnson v. United States*, 135 S. Ct. 2551 (2015) invalidated the residual clause found in

---

[1] Citations to the docket of the criminal case, Case No. 97-CR-00946, are to "CR DE __."

§ 924(e)(2)(B)(ii), and his prior offenses do not otherwise qualify under the elements and enumerated clauses of the enhancement.

Although neither Petitioner nor Respondent has objected to the Report, the Court notes that the legal standard applied by Judge White is no longer the law of this Circuit, and thus is clearly erroneous. In the Report, Judge White noted an uncertainty over a § 2255 Petitioner's burden of proof, *see* Report at 8–12, and applied the following threshold standard: a "movant should prevail on his Section 2255 motion if he shows . . . the sentencing court *may* have relied on ACCA's residual clause . . . ." (emphasis in original)). *See* Report at 12–13. The Report then found that Petitioner satisfied this threshold burden "because it is unclear from the record which of [the] ACCA's clauses the Court relied on in sentencing the movant." *Id.* at 13.

In *Beeman v. United States*, the Court of Appeals for the Eleventh Circuit established that, "[t]o prove a Johnson claim, the movant must show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence." 871 F.3d 1215, 1221–22 (11th Cir. 2017). The Court does not find the Report's factual finding—*i.e.* it is unclear from the record which clause of the ACCA was relied on in sentencing—to be erroneous.[2] Indeed, at sentencing, the Court did not state which clause it relied upon in applying the ACCA enhancement. *See* Sentencing Transcript (CR DE 46). As Petitioner concedes, "the

---

[2] Petitioner and the Respondent both agree with the Report's finding that it is unclear from the record which of the ACCA's clauses the Court relied on in sentencing Petitioner. *See* Response (ECF No. 13) at 7 ("In this case, the sentencing record and relevant precedent do not address the precise basis for classifying the Movant's priors as violent felonies."); Reply (ECF No. 14) at 4.

record is unclear on what grounds the sentencing court found that Mr. Williams' prior was a violent felony." *See* Reply (ECF No. 14) at 4.[3]

"Where, as here, the evidence does not clearly explain what happened . . . the party with the burden loses." *Beeman*, 871 F.3d at 1225 (quoting *Romine v. Head*, 253 F.3d 1349, 1357 (11th Cir. 2001)). "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." *Id.* at 1222. Petitioner's *Johnson* claim is "therefore due to be dismissed because he failed to carry his burden of proof. Specifically, he failed to prove—that it was more likely than not—he in fact

---

[3] The *Beeman* Court indicated (albeit in *dicta*) that "if the law was clear *at the time of sentencing* that only the residual clause would authorize a finding that the prior conviction was a violent felony, that circumstance would strongly point to a sentencing per the residual clause." *Beeman*, 871 F.3d at 1224 n.5 (emphasis added); *see id.* (explaining that the § 2255 petitioner bears the burden of proving the "historical fact" that he was sentenced "solely per the residual clause").

No such showing has been made here. Petitioner essentially argues that—in light of caselaw issued *after* his 1998 sentencing—it would have been erroneous for the Court to have sentenced Petitioner under the elements clause or the enumerated clause. *See* Motion at 12–19. However, *Beeman* has clarified that the relevant inquiry concerns the law at the time of sentencing. Accordingly, whether burglary "no longer qualifies under present law as a violent felony under the elements clause (and thus could now qualify only under the defunct residual clause) would be a decision that casts very little light, if any, on the key question of historical fact here: whether in [1998, Peitioner] was, in fact, sentenced under the residual clause only." *Beeman*, 871 F.3d at 1224 n.5.

Respondent's argument correctly addresses this question of "historical fact," *id.* at 1224 n.5, and explains that "at the time of the [Petitioner's] sentencing, there was no applicable circuit precedent definitely addressing the question of whether the possible predicate convictions satisfied a particular definitional clause in the ACCA." *See* Response (ECF No. 13) at 7. Indeed, as another Court has noted, "[t]he use of Florida burglaries as ACCA predicates did not come into question until [2007]." *See United States v. Upshaw*, No. 4:02CR3-MW/CAS, No. 4:02CR3/MW/CAS, 2017 WL 5709907, at *3 (N.D. Fla. Oct. 25, 2017), *report and recommendation adopted in relevant part*, No. 4:02CR3-MW/CAS, 2017 WL 5709563 (N.D. Fla. Nov. 27, 2017). In short, Petitioner has pointed to no precedent in 1998 "holding, or otherwise making obvious, that a violation of [Florida's burglary statute] qualified as a violent felony only under the residual clause." *Beeman*, 871 F.3d at 1224.

4

was sentenced as an armed career criminal under the residual clause. Having failed to prove that but for the residual clause he would have received a different sentence, he cannot prevail." *Id.* at 1225.

Although Judge White—and others jurists—have described placing this burden of proof on § 2255 petitioners as "unfair," *see* Report at 10, this Court is bound by *Beeman*. *See In re Hubbard*, 803 F.3d 1298, 1309 (11th Cir. 2015) (It is a "fundamental rule" that "courts of this circuit are bound by the precedent of this circuit."). However, reasonable jurists could—and do—disagree on whether the law of the circuit is correct. *See, e.g.*, *In re Chance*, 831 F.3d 1335, 1340 (11th Cir. 2016) (suggesting that it is "wrong" to "make the inmate prove whether or not [he] was sentenced under the residual clause" (alteration in original) (internal citation and quotation marks omitted)); *Leonard v. United States*, No. 16-22612-CIV, 2016 WL 4576040, at *2 (S.D. Fla. Aug. 22, 2016) (Altonaga, J.) (declining to "impose" the "high burden of proving the Court relied upon the ACCA residual clause" and holding that Petitioner can sustain his § 2255 motion if "it is unclear from the record which clause the sentencing court relied on in applying the ACCA enhancement"). Accordingly, a certificate of appealablity is GRANTED regarding whether Petitioner must affirmatively show that the sentencing court relied on the ACCA residual clause. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (For a certificate of Appealability to issue, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."); *see also Upshaw*, 2017 WL 5709563 at *1 (granting certificate of appealability on this exact issue in the wake of *Beeman*).

UPON CONSIDERATION of Petitioner's § 2255 Motion (ECF No. 12), the Respondent's Opposition (ECF No. 13), Petitioner's Reply (ECF No. 14), the Report (ECF No.

15), the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Petitioner's Motion is DENIED. The Court DECLINES TO ADOPT Judge White's Report. The Court finds that a certificate of appealability should issue as to whether Petitioner must affirmatively show that the sentencing court relied on the ACCA residual clause. The Clerk of Court is instructed to CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this  3rd  day of January, 2018.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

cc: All counsel of record